1  GLYNN, FINLEY, MORTL,
   HANLON & FRIEDENBERG, LLP
2  ADAM FRIEDENBERG, Bar No. 205778
   DAWSON P. HONEY, Bar No. 327217
3  One Walnut Creek Center
   100 Pringle Avenue, Suite 500
4  Walnut Creek, CA 94596
   Telephone: (925) 210-2800
5  Facsimile: (925) 945-1975
   afriedenberg@glynnfinley.com
6  dhoney@glynnfinley.com

7  Attorneys for Defendant
   ADT LLC
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11  CASCADE SETTLEMENT SERVICES        )   **Case No.:**
    LLC, a Delaware limited liability company,  )
12  and CARMEL VI CLAIM, LLC, a Colorado )   [Removed from Marin County Superior
    limited liability company,          )   Court, Case No. CV0004999]
13                                      )
                    Plaintiffs,         )   **DEFENDANT ADT LLC's NOTICE OF**
14                                      )   **REMOVAL OF ACTION PURSUANT**
        vs.                             )   **TO 28 U.S.C. §§ 1332, 1441, AND 1446**
15                                      )
    ADT LLC, a Delaware limited liability )   Date Filed:    January 7, 2025
16  company, and DOES 1-50, inclusive,  )   Trial Date:    TBD
                                        )
17                  Defendants.         )
                                        )
18                                      )
                                        )
19  ─────────────────────────────────  )

20

21

22

23

24

25

26

27

28

─────────────────────────────────────────────────────

1    To the Clerk of the United States District Court for the Northern District of California:

2         **PLEASE TAKE NOTICE** that Defendant ADT LLC hereby removes the state court

3    action described below to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  In support

4    thereof, Defendant states as follows:

5         Plaintiffs Cascade Settlement Services, LLC, and Carmel VI Claim, LLC, commenced

6    this action against Defendant on January 7, 2025, by filing a civil complaint in the Superior

7    Court of California for the County of Marin captioned *CASCADE SETTLEMENT SERVICES*

8    *LLC, a Delaware limited liability company, and CARMEL VI CLAIM, LLC, a Colorado limited*

9    *liability company v. ADT LLC, a Delaware limited liability company, and DOES 1-50, inclusive*.

10   A copy of the Plaintiffs' complaint and all process, pleadings, and orders served upon Defendant,

11   are attached hereto as **Exhibit A**.

12   **I.    REMOVAL IS PROPER BECAUSE THE COURT HAS DIVERSITY**
13        **JURISDICTION**

14        1.    For purposes of diversity jurisdiction, a "limited liability company 'is a citizen of

15   every state of which its owners/members are citizens,' not the state in which it was formed or

16   does business."  *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) (quoting

17   *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)); *see Voltage*

18   *Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815, 823 (9th Cir. 2024).

19        2.    Plaintiff Cascade Settlement Services, LLC's members are citizens of California

20   and Pennsylvania, according to their filings with the California Secretary of State and previous

21   filings in cases before this Court.  Plaintiff Carmel VI Claim, LLC's only member listed on

22   public filings is a citizen of Colorado.  A true and correct copy of the filings indicating the

23   citizenship of Plaintiffs is attached hereto as **Exhibit B.**  These filings are matters of public

24   record and are subject to judicial notice.  *E.g.*, *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442

25   F.3d 741, 746 (9th Cir. 2006).

26        3.    Defendant ADT LLC's sole member is The ADT Security Corporation.  For

27   purposes of diversity, a corporation is deemed to be a citizen of every state by which it has been

28   incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

1  The ADT Security Corporation is incorporated in Delaware with its principal place of business in

2  Florida.  Thus, ADT LLC is likewise deemed to be a citizen of Delaware and Florida.

3      4.    "When an action is removed on the basis of diversity, the requisite diversity must

4  exist at the time the action is removed to federal court." *Miller v. Grgurich*, 763 F.2d 372, 373

5  (9th Cir. 1985); *see also Jurin v. Transamerica Life Ins. Co.*, No. C 14-02882 LB, 2014 WL

6  4364901, at *2 (N.D. Cal. Sept. 3, 2014) (same).  As of the date of this Notice, diversity of

7  citizenship exists between the parties to this action.

8      5.    Because Plaintiffs are citizens of California, Pennsylvania, and Colorado and

9  Defendant is a citizen of Florida and Delaware, complete diversity exists and removal is proper.

10  *See* 28 U.S.C. §§ 1332(a)(1), 1332(c)(1), and 1441.

11  **II.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS**

12

13      6.    To establish diversity jurisdiction, the amount in controversy must exceed

14  $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).

15      7.    Plaintiffs did not identify a specific number of damages.  The complaint only

16  stated that the value exceeds $35,000 for state jurisdictional purposes.  Compl. at 1.

17      8.    Where, as here, the Complaint does not quantify the exact damages, the removing

18  party has the burden to demonstrate, through other means, the amount in controversy exceeds

19  $75,000 by a preponderance of the evidence.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d

20  696, 701 (9th Cir. 2007).  That determination can be made by demonstrating that "it is 'facially

21  apparent' from the complaint that the jurisdictional amount is in controversy" or setting forth the

22  facts in controversy that support a finding of the requisite amount.  *Singer v. State Farm Mut.*

23  *Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *see also Ibarra v. Manheim Invs., Inc.*, 775

24  F.3d 1193, 1198 (9th Cir. 2015) (noting that the amount in controversy may be assessed based on

25  the "reality of what is at stake in the litigation, using reasonable assumptions underlying the

26  defendant's theory of damages exposure").

27      9.    It is apparent from the contract in dispute that the claims asserted by Plaintiffs

28  exceed $75,000, exclusive of interest and costs.  The alleged contract between the Plaintiff

1  Cascade Settlement Services, LLC and ADT LLC involved the payment of $1.8 million to

2  purchase ADT LLC's rights to the relevant class action settlement.  A true and correct copy of

3  the contract in dispute has been attached hereto as **Exhibit C**.

4       10.    The Complaint alleges that "Cascade is entitled to any monetary recovery from

5  the settlement fund in the Visa Antitrust Litigation to which ADT may be entitled based on

6  interchange fees incurred by Protection One [Alarm Monitoring, Inc.]" which is an entity that

7  merged into ADT long after the parties entered the contract at issue.  The settlement fund in the

8  Visa Antirust Litigation totals $5.6 billion.  Defendant currently estimates that the value of the

9  monetary recovery based on interchange fees incurred by Protection One is well in excess of

10 $75,000.  *See* Declaration of Daniel J. McGrath in Support of Defendant's Notice of Removal, at

11 ¶ 5, attached hereto as **Exhibit D**.

12      11.    Additionally, the Plaintiffs' complaint seeks declaratory relief "setting forth the

13 parties' rights and obligations under the Agreement[.]"  Compl. at 9.  In actions seeking

14 declaratory relief, "the amount in controversy is measured by the value of the object of the

15 litigation."  *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977); *see also*

16 *Jackson v. Am. Bar Ass'n*, 538 F.2d 829, 831 (9th Cir. 1976).  The "rights and obligations" under

17 the Agreement consist of both the right to the settlement and the obligation to pay the purchase

18 price for said rights.

19      12.    Thus, this Court has subject matter jurisdiction over this action because there is

20 complete diversity of citizenship among the parties and the amount in controversy exceeds

21 $75,000.  28 U.S.C. § 1332.

22 **III.    DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR**
         **REMOVAL**
23

24      13.    Removal is timely and proper under 28 U.S.C. § 1446.  The Complaint was

25 served on Defendant on January 13, 2025, and this Notice is filed within 30 days on February 12,

26 2025.  28 U.S.C. § 1446(b)(1).  *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344,

27 347-48 (1999).

28      14.    In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice

1    of Removal will be served on Plaintiffs, and a copy of this Notice of Removal will be filed with

2    the Clerk of the Superior Court for Marin County, California.

3              15.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders

4    served upon Defendant are attached as **<u>Exhibit A</u>**.

5

6              Dated:  February 12, 2025

7                                                           GLYNN, FINLEY, MORTL,
                                                            HANLON & FRIEDENBERG, LLP
                                                            ADAM FRIEDENBERG
8                                                           DAWSON P. HONEY

9
                                                            By____/s/ Adam Friedenberg_____
10                                                             Attorneys for Defendant
                                                               ADT LLC
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

# EXHIBIT A

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
01/13/2025
CT Log Number 548175210

## Service of Process Transmittal Summary

**TO:**      Dan Mcgrath, Deputy General Counsel
           The Adt Security Corporation
           1501 YAMATO RD.
           BOCA RATON, FL 33431-4438

**RE:**      **Process Served in California**

**FOR:**     ADT LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CASCADE SETTLEMENT SERVICES LLC, a Delaware limited liability company, and CARMEL VI CLAIM, LLC, a Colorado limited liability company vs. ADT LLC |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Attachment(s), Complaint, Notice(s), Proof |
| **COURT/AGENCY:** | Marin County -Superior Court, CA<br>Case # CV0004999 |
| **NATURE OF ACTION:** | Breach of Contract |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 01/13/2025 at 14:36 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after this summons and legal papers are served on you (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Kassra P. Nassiri<br>NASSIRI & JUNG LLP<br>1700 Montgomery Street, Suite 207<br>San Francisco, CA 94111<br>415-762-3100 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/14/2025, Expected Purge Date: 01/19/2025<br><br>Image SOP<br><br>Email Notification,  Dan Mcgrath  dmcgrath@adt.com<br><br>Email Notification,  Marcia Gold  marciagold@adt.com<br><br>Email Notification,  David Buchsbaum  dbuchsbaum@adt.com<br><br>Email Notification,  Stacy Weise  stacyweise@adt.com<br><br>Email Notification,  Eric Boos  ericboos@adt.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529 |



**CT Corporation**
**Service of Process Notification**
01/13/2025
CT Log Number 548175210

MajorAccountTeam1@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Mon, Jan 13, 2025
**Server Name:**                             DROP SERVICE

| | |
|---|---|
| Entity Served | ADT LLC |
| Case Number | CV0004999 |
| Jurisdiction | CA |

| Inserts | |
|---|---|
| | |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ADT LLC, a Delaware limited liability company, and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CASCADE SETTLEMENT SERVICES LLC, a Delaware limited liability company, and CARMEL VI CLAIM, LLC, a Colorado limited liability company

**ELECTRONICALLY FILED**
Superior Court of California
County of Marin
**01/07/2025**
James M. Kim, Clerk of the Court
By: D. Harrison, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Marin County Superior Court<br><br>3501 Civic Center Drive, San Rafael, CA 94903 | CASE NUMBER:<br>*(Número del Caso):*<br><br>CV0004999 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kassra P. Nassiri, Nassiri & Jung LLP, 1700 Montgomery St. Ste. 207, San Francisco, CA 94111, (415) 762-3100

| DATE:<br>*(Fecha)* **01/07/2025** | Clerk, by **James M. Kim** | *(Secretario)* **D. Harrison** | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* ADT LLC
   under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
   [X] other *(specify):* Limited Liability Company
4. [ ] by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Kassra P. Nassiri (215405); Russell Taylor (320375)<br>NASSIRI & JUNG LLP 1700 Montgomery Street, Suite 207, San Francisco, CA 94111 | **ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Marin<br>**01/07/2025**<br>James M. Kim, Clerk of the Court<br>By: D. Hamson, Deputy |

TELEPHONE NO.: (415) 762-3100     FAX NO.: (415) 534-3200
EMAIL ADDRESS: kass@njfirm.com, russ@njfirm.com
ATTORNEY FOR *(Name):* Cascade Settlement Services LLC; Carmel VI Claim, LLC

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN
 STREET ADDRESS: 3501 Civic Center Drive, San Rafael, CA 94903
 MAILING ADDRESS: P.O. Box 4988, San Rafael, CA 94913
 CITY AND ZIP CODE: San Rafael, CA 94903
 BRANCH NAME:

CASE NAME:
Cascade Settlement Services LLC, Carmel VI Claim, LLC v. ADT LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CV0004999 |
| | | | JUDGE: | |
| | | | DEPT.: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [x] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [x] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
    factors requiring exceptional judicial management:
    a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
    b. [ ] Extensive motion practice raising difficult or novel       e. [ ] Coordination with related actions pending in one or more
       issues that will be time-consuming to resolve                   courts in other counties, states, or countries, or in a federal
    c. [ ] Substantial amount of documentary evidence                  court
                                                                   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 1. Breach of Contract, 2. Anticipatory Breach of Contract, 3. Declaratory Judgment
5. This case [ ] is  [x] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: January 7, 2025
Kassra Nassiri
_____                                          ►
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to
  the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**    Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov*

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

ELECTRONICALLY FILED
Superior Court of California
County of Marin
01/07/2025
James M. Kim, Clerk of the Court
By D. Harrison, Deputy

1  Kassra P. Nassiri (215405)
   (kass@njfirm.com)
2  Russell Taylor (320375)
   (russ@njfirm.com)
3  NASSIRI & JUNG LLP
   1700 Montgomery Street, Suite 207
4  San Francisco, California 94111
   Telephone: (415) 762-3100
5  Facsimile: (415) 534-3200

6  Attorneys for Plaintiffs
   CASCADE SETTLEMENT SERVICES LLC, and
7  CARMEL VI CLAIM, LLC

8

9                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                     **FOR THE CITY AND COUNTY OF MARIN**

11

12   CASCADE SETTLEMENT SERVICES        Case No. CV0004999
     LLC, a Delaware limited liability company,
13   and CARMEL VI CLAIM, LLC, a Colorado   **COMPLAINT FOR:**
     limited liability company,
14                                          **1. Breach of Contract**

15               Plaintiffs,               **2. Anticipatory Breach of Contract**

16         v.                             **3. Declaratory Judgment**

17   ADT LLC, a Delaware limited liability   **JURY TRIAL DEMANDED**
     company, and DOES 1-50, inclusive,
18

19               Defendants.

20

21

22

23

24

25

26

27

28

Plaintiffs Cascade Settlement Services LLC ("Cascade" or "Purchaser") and Carmel VI Claim, LLC ("Carmel") allege as follows:

## **PARTIES**

1.     Plaintiff Cascade Settlement Services LLC is a Delaware limited liability company, with its principal place of business during the relevant period in the City of Mill Valley in the County of Marin. Cascade is in the business of purchasing claims from entities entitled to recover funds from both existing class action lawsuit settlements and from pending class action litigation that may or may not result in a settlement.

2.     Plaintiff Carmel VI Claim, LLC is a Colorado limited liability company, with its principal place of business in Denver, Colorado.

3.     Defendant ADT LLC ("ADT" or "Seller") is a Delaware limited liability company.

4.     The true names and capacities, whether individual, corporate, or otherwise of the Defendants named in this Complaint as Does 1 through 50, inclusive, are unknown to Plaintiffs. Plaintiffs are informed and believe, and on that basis alleges, that each of said fictitiously named Defendants is liable to Plaintiffs on the causes of action herein alleged and/or asserts some interest, legal or equitable, in the subject matter of this action, and therefore Plaintiffs sue said Defendants by said fictitious names. Plaintiffs will substitute named Defendants for fictitiously named Defendants as the true names and capacities of fictitiously named Defendants are determined.

## **JURISDICTION AND VENUE**

5.     The Court has jurisdiction over this action under Cal. Civ. Proc. Code § 410.10, which provides that a court "may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Jurisdiction is constitutionally warranted because each Defendant has availed itself of this Court's jurisdiction by conducting business, owning property, maintaining bank accounts, residing, and/or entering into contracts in California.

6.     Venue is proper in this County under Cal. Civ. Proc. Code §§ 395(a) and 395.5 because the contract at issue in this Complaint was entered into in Marin County.

7.     As a direct and proximate result of ADT's conduct described below, Plaintiffs have been damaged in an amount that exceeds $35,000, said amount to be proven at trial.

1
## FACTS

2
**I.    The Visa Antitrust Litigation.**

3    8.    Cascade purchases claims from entities entitled to recover funds from existing class

4  action settlements and from pending class action litigation that may or may not result in a

5  settlement.

6    9.    One such class action is *In re: Payment Card Interchange Fee and Merchant-*

7  *Discount Antitrust Litigation*, Case No. 05-md-01720 (the "Visa Antitrust Litigation") in the U.S.

8  District Court for the Eastern District of New York ("Eastern District").

9    10.    The parties to the Visa Antitrust Litigation executed a settlement agreement in

10  October 2012, which the Eastern District finally approved on December 12, 2013. But in June 2016,

11  the U.S. Court of Appeals for the Second Circuit ("Second Circuit") vacated the Eastern District's

12  certification of the class, reversed approval of the settlement, and remanded for further proceedings.

13    11.    On remand, the parties to the Visa Antitrust Litigation executed another settlement

14  agreement for $5.6 billion, which the Eastern District finally approved in December 2019. The

15  Second Circuit affirmed the Eastern District's final approval in March 2023.

16    12.    Under the settlement, claims must be made to the claims administrator.

17    13.    The claims administrator in the Visa Antitrust Litigation is Epiq Systems, Inc.

18  ("Claims Administrator").

19    14.    The process for submitting claims began in or around December 2023.

20    15.    The amounts to be paid from the settlement fund are based on class members' actual

21  or estimated interchange fees attributable to Visa and Mastercard card transactions between class

22  members and their customers from January 1, 2004, through January 25, 2019.

23
**II.    Cascade and ADT Execute the Asset Purchase and Sale Agreement.**

24    16.    ADT is a member of the class in the Visa Antitrust Litigation.

25    17.    On December 20, 2013, Cascade and ADT ("the Parties") entered into an Asset

26  Purchase and Sale Agreement ("Agreement").

27    18.    N. David Bleisch, ADT's Senior Vice President and General Counsel ("ADT's

28  General Counsel"), signed the Agreement on ADT's behalf.

19.     Through the Agreement, Cascade purchased ADT's right to recover any money from the settlement fund in the Visa Antitrust Litigation.

20.     In the Agreement, the Parties agreed to several "Recitals," which are expressly incorporated into the Agreement, including the following:

> On February 20, 2009, a Second Amended Class Action Complaint entitled In re: Payment Card Interchange Fee and Merchant-Discount Antitrust Litigation (Case No. 1:05-md-01720-JG-JO) ("Litigation") was filed in the United States District Court for the Eastern District of New York ("District Court"). If the plaintiffs in the Litigation either prevail in the Litigation or such Litigation results in a settlement ("Settlement Event"), the Seller may be entitled to a monetary recovery ("Asset"). Whether such recovery will occur is unknown by Seller and Purchaser at the time of this Agreement. If no Settlement Event takes place, the Asset will have no value. . . .

> Following a Settlement Event, it is anticipated that the fixed aggregate amount of the settlement will be allocated *pro rata* among claimants to the settlement proceeds, in a manner to be described in documents approved by the District Court. . . .

> The Parties intend to transfer from Seller to Purchaser any and all of the Seller's right, title and interest in and or associated with, or connected in any manner to, any Asset that may arise from the Litigation.

> Purchaser desires to purchase the Asset from Seller, and Seller desires to sell the Asset to Purchaser as provided for in this Agreement.

21.     In Section 2.1 of the Agreement, entitled "Sale and Purchase of Asset," the Parties agreed as follows:

> Purchaser agrees to purchase all right, title and interest in the Asset from Seller, and Seller agrees to sell, transfer and assign all right, title and interest in the Asset to Purchaser . . . . Following payment of the Purchase Price from Purchaser to Seller and the full execution of this Agreement, the sale shall be final. This sale, and any assignment by Seller hereunder, is without representation or warranty of any kind, express or implied, except as expressly provided in this Agreement.

22.     Thus, Cascade acquired all of ADT's right, title, and interest in any monetary recovery in the Visa Antitrust Litigation.

23.     Section 2.2, "Closing," provides:

> The transactions contemplated by this Agreement will be consummated at a closing as follows: (a) The closing of the purchase and sale of the Asset ("Closing") will take place via facsimile and mail on or before 45 calendar days of full execution of this Agreement. The date and time the Closing actually occurs are referred herein to as the "Closing Date." The Closing will be effective as of 12:01 a.m., Pacific Standard Time, on the Closing Date. (b) No later than the first business day prior to the Closing Date, Seller shall execute and deliver to Purchaser the Notice of Assignment, in the form attached hereto as Exhibit A ("Assignment") and the Authorization to Obtain Transactional Data, in the form attached hereto as Exhibit B ("Data

Authorization", with Assignment, the "Ancillary Agreements"). (c) Provided that Seller has fully performed its obligations under Section 2.2(b), including delivering to Purchaser the completed schedules associated with the Ancillary Agreements, Purchaser shall pay to Seller at the Closing an amount equal to the Purchase Price in immediately available funds by confirmed wire transfer to a bank account to be designated by Seller no later than the second business day prior to the Closing Date.

24.    Section 2.3, "Cooperation of Seller," provides:

Seller understands and acknowledges that in order for Purchaser to verify and/or collect the Asset, Purchaser may require Seller's reasonable assistance, and Seller agrees to provide such reasonable assistance to Purchaser, in the event that a claims administrator appointed in the Litigation ("CA"), Lead Counsel or the District Court audits and/or withholds payment on the Asset pending verification of data within Seller's reasonable possession and/or control.

25.    Section 3.2, "Authorization," provides:

The Seller has the requisite power and authority to execute and deliver this Agreement or any Ancillary Agreement, and to perform the transactions contemplated hereby or thereby, and that such performance does not constitute a violation of the Seller's certificate of incorporation, by-laws or any other valid instrument to which the Seller is a party or by which the Seller may be bound.

26.    Section 3.3, "Due Execution; Validly Binding Agreement," provides: "This Agreement has been duly authorized, executed and delivered and constitutes a legal, valid and binding obligation of the Seller, enforceable against it in accordance with its terms."

27.    In Section 3.6, "Information Provided to Purchaser," Seller "warrants that it will never take any position inconsistent with the representations and warranties contained herein."

28.    In Section 3.7, "Independent Investigation," Seller "acknowledges that it has conducted its own independent evaluation of the transactions contemplated under this Agreement"; that Seller "has had an opportunity to conduct its own independent investigation regarding the Asset"; and that Seller "has had an opportunity to review the documents and information available through publicly available sources of information."

29.    Section 3.8, "No Reliance," provides:

Seller has conducted an independent evaluation of the reasonableness of the Purchase Price and has decided to enter into this Agreement and undertake the transactions contemplated hereunder solely in reliance on its own evaluation of the Purchase Price. With the exception of any representations and warranties set forth in Section 4 of this Agreement, Seller is not relying on (i) any information provided to Seller or written or oral representations, whether express or implied, by Purchaser or its respective members, shareholders, officers, directors, employees, agents or affiliates or (ii) any information provided to Seller by Purchaser or its respective shareholders,

officers, directors, employees, agents or affiliates in assessing the reasonableness of the Purchase Price. Aside from representations or warranties contained herein, Seller acknowledges that Purchaser expressly disclaims and has not made any warranties, guarantees, promises, or representations of any kind whatsoever regarding the value of the Asset and the anticipated recovery and/or timing of recovery on the Asset.

30.     In Section 3.9, "Information," Seller "acknowledges that because a Settlement Event had not taken place prior to the payment of the Purchase Price, the value of the Asset and the final recovery on the Asset may not be determined with certainty by Seller or Purchaser as of the time of execution of this Agreement."

31.     In Section 3.10, "Expectation of Return," Seller "acknowledges that Purchaser's sole intention and expectation in entering into this Agreement is to earn a positive financial return on the Asset." Further, "Seller understands that Purchaser's recovery on the Asset may exceed the Purchase Price."

32.     In Section 3.11, "Own Advisors," Seller "acknowledges that it has had an opportunity to consult with an attorney and/or other relevant professional advisors prior to the execution of this Agreement" and that "Purchaser has advised it that it should seek such counsel."

33.     And in Section 3.12, "No Fiduciary or Confidential Relationship," Seller "acknowledges that Seller and Purchaser are not in a fiduciary, confidential, agency or otherwise special relationship, including one of trust, confidence or privity, and that Seller and Purchaser are each acting for their own self-interest."

34.     In Section 5.1, "Further Assurances," ADT also agreed that it "will reasonably provide, duly execute or deliver, or cause to be provided, duly executed or delivered, to Purchaser such further information and instruments reasonably available to it or under its possession, custody or control and do and cause to be done such further acts as may be reasonably necessary or proper to respond to any audit or inquiry by the CA, Lead Counsel or the District Court regarding the Asset."

35.     Section 7.5 provides that the Agreement "shall be governed by and construed in accordance with the laws of the State of California, without regard to its conflict of law rules, principles or provisions of such state or of any other state."

36.     As required by Section 2.2 of the Agreement, ADT also executed a Notice of Assignment ("Notice"), attached to the Agreement as Exhibit A.

1    37.    The Notice provides that "all" of ADT's "right, title, and interest in and to or

2    associated with, or connected in any manner to, any recovery arising from the class action litigation

3    of In Re: Payment Card Interchange Fee and Merchant-Discount Antitrust Litigation (Case No 1:05-

4    md-01720-JG-JO), defined in the Notice as the "Recovery."

5    38.    The Notice further provides that "[t]he rights assigned to Purchaser include, but are

6    not limited to, the Company's right to file a claim in connection with a settlement, receive any

7    recovery, and to challenge any and all estimates for payment of that claim."

8    39.    The Notice further provides that "Purchaser is now the legal and equitable owner of

9    all rights associated with any Recovery" and that "any and all payments relating to any Recovery

10   should be made payable to Purchaser."

11   40.    ADT's General Counsel also signed the Notice for ADT.

12   41.    ADT also executed the Authorization to Obtain Transactional Data ("Data

13   Authorization"), attached to the Agreement as Exhibit B.

14   42.    ADT's General Counsel signed the Data Authorization for ADT.

15   43.    The Data Authorization provides confirms that "[ADT] has assigned to Cascade all

16   rights to any settlement arising from [the Visa Antitrust Litigation]."

17   **III.    Carmel Purchases an Interest in ADT's Right, Title, and Interest in any Monetary**

18   **Recovery in the Visa Antitrust Litigation from Cascade.**

19   44.    In January 2024, Cascade and Carmel entered into a Master Origination and Service

20   Agreement ("MOSA"), under which Carmel could buy rights, title, and interest of various entities to

21   any monetary recover in certain class actions.

22   45.    Carmel also appointed Cascade as Carmel's agent to file claims on its behalf in class

23   action settlements, including the Visa Antitrust Litigation.

24   46.    Under the MOSA, Carmel purchased an interest in the right, title, and interest in any

25   ADT monetary recovery in the Visa Antitrust Litigation from Cascade.

26   **IV.    Cascade Files the Claims it Purchased from ADT, but ADT Breaches the Agreement.**

27   47.    In March 2017, Protection One Alarm Monitoring, Inc. ("Protection One"), merged

28   into ADT.

1    48.    ADT acquired Protection One's assets, including Protection One's right, title, and

2    interest in any recovery in the Visa Antitrust Litigation.

3    49.    Because Cascade had broadly purchased "any and all of [ADT's] right, title and

4    interest in and or associated with, or connected in any manner to, any [monetary recovery] that may

5    arise from the [Visa Antitrust] Litigation," Cascade is entitled to any monetary recovery from the

6    settlement fund in the Visa Antitrust Litigation to which ADT may be entitled based on interchange

7    fees incurred by Protection One.

8    50.    Cascade filed the claims it purchased from ADT with the Claims Administrator in the

9    Visa Antitrust Litigation. This included claims from 49 tax identification numbers related to ADT

10    entities.

11    51.    Financial Recovery Strategies, Inc. ("ADT's Agent"), submitted conflicting claims

12    for several ADT entities.

13    52.    In late 2024, ADT, through ADT's Agent, repudiated the Agreement.

14    53.    In an email to the Claims Administrator, ADT's Agent claimed that Cascade had not

15    acquired "any and all of the [ADT's] right, title and interest in and or associated with, or connected

16    in any manner to, any Asset that may arise from the Litigation," as the Parties' Agreement provides.

17    54.    Through ADT's Agent, ADT wrongfully asserted that Cascade had purchased neither

18    ADT's right to recover from the Visa Antitrust Litigation settlement fund for interchange fees

19    incurred by Protection One, nor interchanges fees paid by ADT after November 28, 2012.

20    55.    ADT's agent also claimed that ADT, not Plaintiffs, owns all proceeds from any

21    claims related to Protection One.

22    **FIRST CAUSE OF ACTION**

23    **Breach of Contract**

24    56.    Plaintiffs reallege and incorporate herein by reference each and every allegation of

25    the preceding paragraphs as though fully set forth herein.

26    57.    Cascade and ADT entered into the Agreement on December 20, 2013.

27    58.    Cascade has at all times performed the terms of the contract in the manner specified

28    by the contract and has remained ready and able to continue such performance.

1    59.    ADT has failed and refused, and continues to refuse, to tender performance as

2  required by the contract.

3    60.    ADT's failure to perform its obligations under the contract has caused direct damage

4  to Plaintiffs in an amount to be determined at trial.

5                         **SECOND CAUSE OF ACTION**

6                        **Anticipatory Breach of Contract**

7    61.    Plaintiffs reallege and incorporate herein by reference each and every allegation of

8  the preceding paragraphs as though fully set forth herein.

9    62.    Cascade and ADT entered into the Agreement on December 20, 2013.

10    63.    Cascade has at all times performed the terms of the Agreement in the manner

11  specified by Agreement and has remained ready and able to fulfil the terms of the Agreement.

12    64.    ADT has clearly and positively indicated that it will not transfer to Cascade

13  "any and all of [its] right, title and interest in and or associated with, or connected in any manner to,

14  any Asset that may arise from the Litigation," as the Agreement provides.

15    65.    Thus, ADT has anticipatorily breached the Agreement.

16    66.    Defendant's failure and refusal to perform its obligations under the contract will

17  cause direct damage to Plaintiffs in an amount to be determined at trial.

18                         **THIRD CAUSE OF ACTION**

19                           **Declaratory Judgment**

20    67.    Plaintiffs reallege and incorporate herein by reference each and every allegation of

21  the preceding paragraphs as though fully set forth herein.

22    68.    An actual controversy has arisen between Plaintiffs and ADT as to their respective

23  rights and duties under the Agreement. Plaintiffs assert they are entitled to "any and all of [ADT's]

24  right, title and interest in and or associated with, or connected in any manner to, any Asset that may

25  arise from the Litigation." ADT has clearly indicated that it will not fulfill this obligation to

26  Plaintiffs.

27    69.    A judicial declaration regarding Plaintiffs' and ADT's respective rights and

28  obligations is warranted and necessary. Such a declaration is necessary and appropriate at this time

1 | because ADT has refused to relinquish to Plaintiffs all control of the subject claims, as required by

2 | the Agreement, and ADT has further declared that it will not remit "any and all of [ADT's] right,

3 | title and interest in and or associated with, or connected in any manner to, any Asset that may arise

4 | from the Litigation" to Plaintiffs.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for judgment against ADT as follows:

1. For general, special, and/or compensatory damages it has suffered in an amount to be proven at trial;

2. For attorney's fees and costs of suit as permitted by law;

3. For a declaration setting forth the parties' rights and obligations under the Agreement;

4. And for such other and further relief as the Court may deem proper.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial for all causes of action so triable.

Dated: January 7, 2025

Respectfully submitted,
NASSIRI & JUNG LLP

By:_____

Kassra Nassiri
Attorneys for Plaintiffs
CASCADE SETTLEMENT SERVICES LLC
and CARMEL VI CLAIM, LLC

-9-
COMPLAINT
CASE NO.

| Superior Court of the State of California<br>County of Marin<br>3501 Civic Center Dr<br>PO Box 4988<br>San Rafael, CA 94913-4988 | *FOR COURT USE ONLY*<br><br>ELECTRONICALLY FILED<br>Superior Court of California<br>County of Marin<br>01/07/2025<br>James M. Kim, Clerk of the Court<br>D. Harrison, Deputy |
|---|---|
| CASCADE SETTLEMENT SERVICES LLC, a Delaware limited liability company et al vs. ADT LLC, a Delaware limited liability company | |
| **Notice – Case Management Conference – GC68600** | **Case Number:** CV0004999 |

Pursuant to **Local Rule (LR) 2.3**, the **Plaintiff** must serve the following documents together with the complaint on all parties:

- Notice - Case Management Conference (a copy of this notice)
- Case Management Statement (Judicial Council Form CM-110)
- Notice of Settlement of Entire Case (Judicial Council Form CM-200)
- Alternative Dispute Resolution Informational Notice (CV006) together with the complaint on all parties.

1. The parties/counsel to this action shall comply with the filing and service deadlines in **LR 2.5** and **CRC3.110**.
2. Parties must appear for: **Case Management Conference on May 7, 2025 at 9:00 am in Courtroom H.**
3. The parties must be familiar with the case and be fully prepared to discuss the suitability of the case for binding or non-binding arbitration, mediation, or neutral case evaluation. **Counsel must discuss ADR options with their clients prior to attending the Case Management Conference** and should be prepared to discuss with the court their authority to participate in ADR.
4. Case Management Conference Statements must be filed with the court and served on all parties <u>at least 15 calendar days</u> before the Case Management Conference. **(Late filing may result in issuance of sanctions.)**

I am over the age of 18 years and not a party to the action above. My business address is 3501 Civic Center Dr, San Rafael, CA 94913. On January 7, 2025, I served this **Notice** on the interested parties in said action to the addresses indicated below:

        **Kassra P. Nassiri**
        kass@njfum.com             Electronically Served CCP1013(g)

I declare under penalty of perjury, that the foregoing is true and correct.

Executed at San Rafael, California
On: **January 7, 2025**

**James M. Kim, Clerk of the Court and Executive Officer**
Superior Court of the State of California, County of Marin
By: D. Harrison, Deputy Clerk

| **Superior Court of the State of California**<br>**County of Marin**<br>3501 Civic Center Dr<br>PO Box 4988<br>San Rafael, CA 94913-4988 | *FOR COURT USE ONLY*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Marin<br>**01/07/2025**<br>James M. Kim, Clerk of the Court<br>D. Harrison, Deputy |
|---|---|
| CASCADE SETTLEMENT SERVICES LLC, a Delaware limited liability company et al vs. ADT LLC, a Delaware limited liability company | |
| **Notice – Judicial Assignment** | **Case Number: CV0004999** |

**To All Parties and their Attorneys of Record:**

This case has been assigned to **Judge Sheila S. Lichtblau** for all purposes. All future hearings will be scheduled before this assigned Judge in **Courtroom H.**

**Notice**: This assignment for all purposes must be provided to all non-appearing parties by the moving party.

I am over the age of 18 years and not a party to the action above. My business address is 3501 Civic Center Dr, San Rafael, CA 94913. On January 7, 2025, I served this **Notice – Judicial Assignment** on the interested parties in said action to the addresses indicated below:

**Kassra P. Nassiri**
kass@njfum.com

Electronically Served CCP1013(g)

I declare under penalty of perjury, that the foregoing is true and correct.

**James M. Kim**
**Clerk of the Court and Executive Officer**
Superior Court of the State of California
County of Marin
By: D. Harrison, Deputy Clerk

Executed at San Rafael, California
On: January 7, 2025

---

**MARIN COUNTY SUPERIOR COURT**
3501 Civic Center Drive
P.O. Box 4988
San Rafael, CA 94913-4988
(415) 444-7040

---



### ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATIONAL NOTICE
(California Rule of Court 3.221)

**The plaintiff <u>must</u> serve a copy of this notice with the complaint on all parties to this case.**

Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial.  Using ADR may have a variety of benefits, depending on the type of ADR process used and the  circumstances of the particular case.

## <u>ADVANTAGES OF ADR</u>

### Save Time
A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

### Save Money
When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

### Increase Control Over the Process and the Outcome
In ADR, parties typically play a greater role in shaping both the process and its outcome.  In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial.  Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial.  Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

### Preserve Relationships
ADR can be a less adversarial way to resolve a dispute.  For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

### Increase Satisfaction
In a trial, there is typically a winner and a loser.  The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome.  ADR can help the parties find win-win solutions and achieve their real goals.  This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

---

## DISADVANTAGES OF ADR

If the case is resolved using ADR, the parties forgo their right to a public trial and they do not receive a decision by a judge or jury. If the case is not resolved using ADR and it proceeds to trial, the overall costs of the case may increase.

## TYPES OF ADR

### Mediation

In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

### Settlement Conferences

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

### Arbitration

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

### Neutral Evaluation

In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

## LOCAL ADR PROGRAMS

For a Directory of Mediators and Arbitrators or information about the Modest Means Mediation Program, contact the Marin County Bar Association (MCBA) by calling (415) 499-1314 or emailing *info@marinbar.org*. Additional information is also available on the MCBA website: *www.marinbar.org*.

## STIPULATION TO USE ADR

If all parties in the action agree to participate in ADR, a *Stipulation to Use Alternative Dispute Resolution Process (CV002)* may be filed with the court. This form is available at *www.marincourt.org* or in the Clerk's Office.

Please note, **you are required to complete and submit the *Notice of Settlement of Entire Case (Judicial Council Form CM-200)* within 10 days of the resolution of your case.**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY            STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|
| NAME: | |
| FIRM NAME: | |
| STREET ADDRESS: | |
| CITY:                          STATE:        ZIP CODE: | |
| TELEPHONE NO.:                 FAX NO.: | |
| EMAIL ADDRESS: | |
| ATTORNEY FOR *(name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  ☐ **UNLIMITED CASE**            ☐ **LIMITED CASE** <br> (Amount demanded           (Amount demanded is $35,000 <br> exceeds $35,000)            or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                  Time:              Dept.:            Div.:                Room:

Address of court *(if different from the address above):*

☐  Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐  This statement is submitted by party *(name):*
   b. ☐  This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.   The complaint was filed on *(date):*
   b. ☐  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served *(specify names and explain why not):*

      (2) ☐  have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐  have had a default entered against them *(specify names):*

   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a.  Type of case in  ☐  complaint     ☐  cross-complaint     *(Describe, including causes of action):*

Page 1 of 5

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages *(if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings; if equitable relief is sought, describe the nature of the relief):*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

a. ☐ The trial has been set for *(date):*

b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one)*

a. ☐ days *(specify number):*

b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:

a. Attorney:

b. Firm:

c. Address:

d. Telephone number:      f. Fax number:

e. Email address:      g. Party represented:

☐ Additional representation is described in Attachment 8.

9. **Preference**

☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | CASE NUMBER: |
| --- | --- |

10. c.  In the table below, indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
| --- | --- | --- |
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110

| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | CASE NUMBER: |
|---|---|

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $35,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-200

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:          FAX NO. *(Optional):* <br> E-MAIL ADDRESS *(Optional):* <br> ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| NOTICE OF SETTLEMENT OF ENTIRE CASE | CASE NUMBER: |
|---|---|
| | JUDGE: <br> DEPT.: |

## NOTICE TO PLAINTIFF OR OTHER PARTY SEEKING RELIEF

You must file a request for dismissal of the entire case within 45 days after the date of the settlement if the settlement is **unconditional.** You must file a dismissal of the entire case within 45 days after the date specified in item 1b below if the settlement is **conditional.** Unless you file a dismissal within the required time or have shown good cause before the time for dismissal has expired why the case should not be dismissed, the court will dismiss the entire case.

**To the court, all parties, and any arbitrator or other court-connected ADR neutral involved in this case:**

1.  This entire case has been settled. The settlement is:

　　a. ☐  **Unconditional.** A request for dismissal will be filed within 45 days after the date of the settlement.
　　　　Date of settlement:

　　b. ☐  **Conditional.** The settlement agreement conditions dismissal of this matter on the satisfactory completion of
　　　　specified terms that are not to be performed within 45 days of the date of the settlement. A request for dismissal will
　　　　be filed no later than *(date):*

2.  Date initial pleading filed:

3.  Next scheduled hearing or conference:

　　a.  Purpose:

　　b. ☐  (1)  Date:

　　　　　(2)  Time:

　　　　　(3)  Department:

4.  Trial date:

　　a. ☐  No trial date set.

　　b. ☐  (1)  Date:

　　　　　(2)  Time:

　　　　　(3)  Department:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

|  |  |
|---|---|
| (TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY) | (SIGNATURE) |

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-200 [Rev. January 1, 2007] | **NOTICE OF SETTLEMENT OF ENTIRE CASE** | Cal. Rules of Court, rule 3.1385 <br> *www.courts.ca.gov* |
|---|---|---|

CM-200

| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | CASE NUMBER: |
|---|---|

## PROOF OF SERVICE BY FIRST-CLASS MAIL

### NOTICE OF SETTLEMENT OF ENTIRE CASE

*(NOTE: You cannot serve the* Notice of Settlement of Entire Case *if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Settlement of Entire Case* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*

   a. ☐ deposited the sealed envelope with the United States Postal Service.

   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Settlement of Entire Case* was mailed:

   a. on *(date):*

   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:

   a. Name of person served:

   Street address:
   City:
   State and zip code:

   b. Name of person served:

   Street address:
   City:
   State and zip code:

   c. Name of person served:

   Street address:
   City:
   State and zip code:

   d. Name of person served:

   Street address:
   City:
   State and zip code:

   ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached _____.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME OF DECLARANT)

► _____
(SIGNATURE OF DECLARANT)

# EXHIBIT B

1  Kassra P. Nassiri (215405)
   (kass@njfirm.com)
2  Russell Taylor (320375)
   russ@njfirm.com
3  NASSIRI & JUNG LLP
   1700 Montgomery Street, Suite 207
4  San Francisco, California 94111
   Telephone:  (415) 762-3100
5  Facsimile:   (415) 534-3200

6  Attorneys for Plaintiff
   CASCADE SETTLEMENT SERVICES LLC

7

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10
   CASCADE SETTLEMENT SERVICES
11 LLC, a Delaware limited liability company,     Case No.: 3:24-cv-05372-LB

12              Plaintiff,                          **PLAINTIFF'S CORPORATE
                                                    DISCLOSURE STATEMENT**
13              v.
                                                    Date Complaint filed:  August 13, 2024
14 OPTIUM CAPITAL LLC, a Wyoming                   Removal filed:          August 19, 2024
   limited liability company; NEIL
15 KORNSWIET, an individual; TONY
   RALEIGH, an individual; DAVID SLOAN,
16 an individual; HUGH ALEXANDER, an
   individual; and DOES 1-50, inclusive
17
                Defendants.
18

19

20

21

22

23

24

25

26

27

28

Pursuant to F.R.C.P Rule 7.1(a)(2), Plaintiff Cascade Settlement Services LLC certifies as follows:

1.      Cascade Settlement Services LLC is a Delaware limited liability company with its principal place of business in Marin County, California.

2.      The following is a list of every individual or entity whose citizenship is attributed to Cascade Settlement Services LLC:

   a.  John Chilcott, an individual who at all relevant times has resided in California.

   b.  David Levy, an individual who at all relevant times has resided in California.

   c.  William Hare, an individual who at all relevant times has resided in Pennsylvania.

   d.  Neil Kornswiet, an individual who at all relevant times has resided in California.

Dated:  August 29, 2024    Respectfully submitted,
             NASSIRI & JUNG LLP

            By: /s/ *Kassra P. Nassiri*
            Kassra P. Nassiri
            Russell Taylor
            Attorneys for Plaintiff
            CASCADE SETTLEMENT SERVICES LLC

PLAINTIFF'S CORPORATE DISCLOSURE STATEMENT
Case No.: 3:24-cv-05372-LB



BA20231282972



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION**
**LIMITED LIABILITY COMPANY**

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

For Office Use Only

**-FILED-**

File No.: BA20231282972

Date Filed: 8/16/2023

| Entity Details | |
|---|---|
| Limited Liability Company Name | CASCADE SETTLEMENT SERVICES LLC |
| Entity No. | 200921810177 |
| Formed In | DELAWARE |

| Street Address of Principal Office of LLC | |
|---|---|
| Principal Address | 5716 CORSA AVE SUITE 110<br>WESTLAKE VILLAGE, CA 91362-7354 |

| Mailing Address of LLC | |
|---|---|
| Mailing Address | P. O. BOX 749<br>SAN FRANCISCO, CA 94104 |
| Attention | |

| Street Address of California Office of LLC | |
|---|---|
| Street Address of California Office | 5716 CORSA AVENUE SUITE 110<br>WESTLAKE VILLAGE, CA 91362-7354 |

**Manager(s) or Member(s)**

| Manager or Member Name | Manager or Member Address |
|---|---|
| John Chilcott | 1187 Coast Village Road Ste. 1-739<br>Santa Barbara, CA 93108 |

| Agent for Service of Process | |
|---|---|
| California Registered Corporate Agent (1505) | INCORP SERVICES, INC.<br>Registered Corporate 1505 Agent |

| Type of Business | |
|---|---|
| Type of Business | CLASS ACTION CLAIMS |

| Email Notifications | |
|---|---|
| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |

**Chief Executive Officer (CEO)**

| CEO Name | CEO Address |
|---|---|
| None Entered | |

**Labor Judgment**

No Manager or Member, as further defined by California Corporations Code section 17702.09(a)(8), has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal is pending, for the violation of any wage order or provision of the Labor Code.

**Electronic Signature**

☒ By signing, I affirm under penalty of perjury that the information herein is true and correct and that I am authorized by California law to sign.

| | |
|---|---|
| *John Chilcott* | *08/16/2023* |
| Signature | Date |

B2038-2078 08/16/2023 11:19 AM Received by California Secretary of State



Colorado Secretary of State
Date and Time: 01/28/2014 11:40 AM
ID Number: 20141065104

Document number: 20141065104
Amount Paid: $50.00

Document must be filed electronically.
Paper documents are not accepted.
Fees & forms are subject to change.
For more information or to print copies
of filed documents, visit www.sos.state.co.us.

ABOVE SPACE FOR OFFICE USE ONLY

## Articles of Organization
filed pursuant to § 7-80-203 and § 7-80-204 of the Colorado Revised Statutes (C.R.S.)

1. The domestic entity name of the limited liability company is

Carmel VI Claim, LLC

*(The name of a limited liability company must contain the term or abbreviation "limited liability company", "ltd. liability company", "limited liability co.", "ltd. liability co.", "limited", "l.l.c.", "llc", or "ltd." See §7-90-601, C.R.S.)*

*(Caution: The use of certain terms or abbreviations are restricted by law. Read instructions for more information.)*

2. The principal office address of the limited liability company's initial principal office is

Street address    950 South Cherry Street
_____
                  *(Street number and name)*
Suite 1100
_____
Denver                          CO   80246
_____
*(City)*              *(State)*      *(ZIP/Postal Code)*
                  United States
_____
*(Province – if applicable)*        *(Country)*

Mailing address
(leave blank if same as street address)
_____
                  *(Street number and name or Post Office Box information)*

_____
*(City)*              *(State)*      *(ZIP/Postal Code)*

_____
*(Province – if applicable)*        *(Country)*

3. The registered agent name and registered agent address of the limited liability company's initial registered agent are

Name
(if an individual)
_____
*(Last)*        *(First)*        *(Middle)*    *(Suffix)*

or

(if an entity)    Corporation Service Company
_____
*(Caution: Do not provide both an individual and an entity name.)*

Street address    1560 Broadway
_____
                  *(Street number and name)*
Suite 2090
_____
Denver                          CO   80202
_____
*(City)*              *(State)*      *(ZIP Code)*

Mailing address
(leave blank if same as street address)
_____
                  *(Street number and name or Post Office Box information)*

_____ CO _____.
                    *(City)*                    *(State)*          *(ZIP Code)*

*(The following statement is adopted by marking the box.)*

☑ The person appointed as registered agent has consented to being so appointed.

4. The true name and mailing address of the person forming the limited liability company are

Name
(if an individual)

| Becker | Douglas | J. | |
|--------|---------|-----|------|
| *(Last)* | *(First)* | *(Middle)* | *(Suffix)* |

or

(if an entity) _____
*(Caution: Do not provide both an individual and an entity name.)*

Mailing address

950 Seventeenth Street
*(Street number and name or Post Office Box information)*

Suite 1600

| Denver | CO | 80202 |
|--------|-----|-------|
| *(City)* | *(State)* | *(ZIP/Postal Code)* |

_____ United States .
*(Province – if applicable)*        *(Country)*

*(If the following statement applies, adopt the statement by marking the box and include an attachment.)*

☐ The limited liability company has one or more additional persons forming the limited liability company and the name and mailing address of each such person are stated in an attachment.

5. The management of the limited liability company is vested in
*(Mark the applicable box.)*

☑ one or more managers.

or

☐ the members.

6. *(The following statement is adopted by marking the box.)*

☑ There is at least one member of the limited liability company.

7. *(If the following statement applies, adopt the statement by marking the box and include an attachment.)*

☐ This document contains additional information as provided by law.

8. *(Caution: Leave blank if the document does not have a delayed effective date. Stating a delayed effective date has significant legal consequences. Read instructions before entering a date.)*

*(If the following statement applies, adopt the statement by entering a date and, if applicable, time using the required format.)*

The delayed effective date and, if applicable, time of this document is/are _____.
*(mm/dd/yyyy hour:minute am/pm)*

Notice:
Causing this document to be delivered to the Secretary of State for filing shall constitute the affirmation or acknowledgment of each individual causing such delivery, under penalties of perjury, that the document is the individual's act and deed, or that the individual in good faith believes the document is the act and deed of the person on whose behalf the individual is causing the document to be delivered for filing, taken in conformity with the requirements of part 3 of article 90 of title 7, C.R.S., the constituent documents, and the organic statutes, and that the individual in good faith believes the facts stated in the document are true and the document complies with the requirements of that Part, the constituent documents, and the organic statutes.

This perjury notice applies to each individual who causes this document to be delivered to the Secretary of State, whether or not such individual is named in the document as one who has caused it to be delivered.

9. The true name and mailing address of the individual causing the document to be delivered for filing are

| Becker | Douglas | J. | |
| *(Last)* | *(First)* | *(Middle)* | *(Suffix)* |

950 Seventeenth Street
*(Street number and name or Post Office Box information)*

Suite 1600

| Denver | CO | 80202 |
| *(City)* | *(State)* | *(ZIP/Postal Code)* |

| | United States . |
| *(Province – if applicable)* | *(Country)* |

*(If the following statement applies, adopt the statement by marking the box and include an attachment.)*

☐ This document contains the true name and mailing address of one or more additional individuals causing the document to be delivered for filing.

Disclaimer:
This form/cover sheet, and any related instructions, are not intended to provide legal, business or tax advice, and are furnished without representation or warranty. While this form/cover sheet is believed to satisfy minimum legal requirements as of its revision date, compliance with applicable law, as the same may be amended from time to time, remains the responsibility of the user of this form/cover sheet. Questions should be addressed to the user's legal, business or tax advisor(s).

# EXHIBIT C

## ASSET PURCHASE AND SALE AGREEMENT

THIS ASSET PURCHASE AND SALE AGREEMENT ("Agreement") is made and entered into this 20th day of December, 2013, by and between CASCADE SETTLEMENT SERVICES LLC, a Delaware limited liability company ("Purchaser"), and ADT LLC, a Delaware limited liability company ("Seller"). Purchaser and Seller are sometimes collectively referred to in this Agreement as "Parties" or individually as "Party."

## RECITALS

A.     On February 20, 2009, a Second Amended Class Action Complaint entitled In re: Payment Card Interchange Fee and Merchant-Discount Antitrust Litigation (Case No. 1:05-md-01720-JG-JO) ("Litigation") was filed in the United States District Court for the Eastern District of New York ("District Court"). If the plaintiffs in the Litigation either prevail in the Litigation or such Litigation results in a settlement ("Settlement Event"), the Seller may be entitled to a monetary recovery ("Asset"). Whether such recovery will occur is unknown by Seller and Purchaser at the time of this Agreement. If no Settlement Event takes place, the Asset will have no value.

B.     Purchaser is not affiliated with any counsel involved in the Litigation or the District Court.

C.     Following a Settlement Event, it is anticipated that the fixed aggregate amount of the settlement will be allocated *pro rata* among claimants to the settlement proceeds, in a manner to be described in documents approved by the District Court.

D.     All terms used herein and not defined herein shall have the meanings given such terms in the Litigation filings.

E.     The Parties intend to transfer from Seller to Purchaser any and all of the Seller's right, title and interest in and associated with, or connected in any manner to, any Asset that may arise from the Litigation.

F.     Purchaser is in the business of purchasing claims from entities entitled to recover funds from both existing class action lawsuit settlements and from pending class action litigation that may or may not result in a settlement.

G.     Purchaser desires to purchase the Asset from Seller, and Seller desires to sell the Asset to Purchaser as provided for in this Agreement.

**NOW, THEREFORE**, in consideration of the mutual covenants, agreements, representations and warranties contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

## SECTION 1 – RECITALS INCORPORATED IN AGREEMENT

1.1     The above recitals are hereby incorporated herein by reference.

## SECTION 2 – TERMS OF PURCHASE AND SALE

2.1     <u>Sale and Purchase of Asset</u>.  On the terms and subject to the conditions and other provisions set forth in this Agreement, Purchaser agrees to purchase all right, title and interest in the Asset from Seller, and Seller agrees to sell, transfer and assign all right, title and interest in the Asset to Purchaser for the sum of $1,800,000.00 ("<u>Purchase Price</u>").  Following payment of the Purchase Price from Purchaser to Seller and the full execution of this Agreement, the sale shall be final.  This sale, and any assignment by Seller hereunder, is without representation or warranty of any kind, express or implied, except as expressly provided in this Agreement.

2.2     <u>Closing</u>.  The transactions contemplated by this Agreement will be consummated at a closing as follows:

(a)     The closing of the purchase and sale of the Asset ("<u>Closing</u>") will take place via facsimile and mail on or before 45 calendar days of full execution of this Agreement.  The date and time the Closing actually occurs are referred herein to as the "<u>Closing Date</u>."  The Closing will be effective as of 12:01 a.m., Pacific Standard Time, on the Closing Date.

(b)     No later than the first business day prior to the Closing Date, Seller shall execute and deliver to Purchaser the Notice of Assignment, in the form attached hereto as <u>Exhibit A</u> ("<u>Assignment</u>") and the Authorization to Obtain Transactional Data, in the form attached hereto as <u>Exhibit B</u> ("<u>Data Authorization</u>", with Assignment, the "<u>Ancillary Agreements</u>").

(c)     Provided that Seller has fully performed its obligations under Section 2.2(b), including delivering to Purchaser the completed schedules associated with the Ancillary Agreements, Purchaser shall pay to Seller at the Closing an amount equal to the Purchase Price in immediately available funds by confirmed wire transfer to a bank account to be designated by Seller no later than the second business day prior to the Closing Date.

2.3     <u>Cooperation of Seller</u>.  Seller understands and acknowledges that in order for Purchaser to verify and/or collect the Asset, Purchaser may require Seller's reasonable assistance, and Seller agrees to provide such reasonable assistance to Purchaser, in the event that a claims administrator appointed in the Litigation ("<u>CA</u>"), Lead Counsel or the District Court audits and/or withholds payment on the Asset pending verification of data within Seller's reasonable possession and/or control.

2.4     <u>Remedy for Disallowed Purchase</u>.  If the Purchase is disallowed, for any reason, following the payment of the Purchase Price, the Seller agrees to pursue recovery of the

Asset in the Litigation as directed by and at the sole cost of Purchaser, and to remit to the Purchaser all amounts actually received by Seller as a result of the Litigation.

2.5    Actions by Purchaser.  Purchaser expressly reserves the right to take any steps it deems reasonable and necessary in order to maximize Purchaser's recovery in respect of the Asset.

2.6    No Assumption of Obligations or Liabilities.  Upon the full execution of this Agreement, Purchaser shall assume all obligations and liabilities relating to the Asset but shall not assume or in any way become liable for any other obligation or liability of the Seller independent of the Asset.

## SECTION 3 - REPRESENTATIONS AND WARRANTIES OF SELLER

Seller represents and warrants to Purchaser as follows:

3.1    Organization.  Seller is a limited liability company duly organized, validly existing and in good standing under the laws of the state of Delaware.

3.2    Authorization.  The Seller has the requisite power and authority to execute and deliver this Agreement or any Ancillary Agreement, and to perform the transactions contemplated hereby or thereby, and that such performance does not constitute a violation of the Seller's certificate of incorporation, by-laws or any other valid instrument to which the Seller is a party or by which the Seller may be bound.

3.3    Due Execution; Validly Binding Agreement.  This Agreement has been duly authorized, executed and delivered and constitutes a legal, valid and binding obligation of the Seller, enforceable against it in accordance with its terms.

3.4    No Litigation.  There is no known suit, action, litigation or other proceeding or governmental or administrative investigation or inquiry, pending or threatened against the Seller or concerning the Asset that could prevent or prohibit Seller from selling the Asset or from otherwise complying in full with the provisions of this Agreement.  Transfer of the Asset pursuant to this Agreement will not breach, violate or otherwise contravene any applicable law, statute, regulation or contractual term.

3.5    Title to Asset; No Liens.  Seller has good, valid and marketable title to the Asset and can sell the Asset free and clear of any mortgage, pledge, lien, security interest, claim or encumbrance.  Seller has not transferred the Asset or any interest therein except to Purchaser hereunder.

3.6    Information Provided to Purchaser.  All information provided to Purchaser by Seller in connection with the sale of the Asset, including, but not limited to, information on dates on which the Seller began accepting Visa and/or MasterCard credit card and/or debit transactions, financial information about the Seller's business (including total United States sales) and any other representations actually or potentially concerning the asset is

true, correct and is as complete as Seller is able to provide. Seller has made the following Representations or Warranties to Purchaser:

    i.    Seller has not had any communications with the District Court, Lead Counsel or any other entity affiliated with the Litigation regarding the Litigation.

    ii.    Seller warrants that, should a Settlement Event occur, if asked by the District Court, Lead Counsel, the CA or any other entity affiliated with the settlement, Seller will state that (1) Seller never intended to opt-out of the Litigation; (2) Seller never gave any entity any indication of an intent to opt-out of the Litigation; and (3) Seller never authorized any entity to opt-out of the Litigation on Seller's behalf.

    iii.    Seller warrants that if requested by Purchaser and if a Settlement Event should occur, it will provide an affidavit stating that (1) Seller never intended to opt-out of the Settlement Event; (2) Seller never gave any entity any indication of an intent to opt-out of the Settlement Event; and (3) Seller never authorized any entity to opt-out of the Settlement Event on Seller's behalf.

    iv.    Seller warrants that it will never take any position inconsistent with the representations and warranties contained herein.

3.7    <u>Independent Investigation</u>. Aside from Representations or Warranties contained herein, Seller acknowledges that it has conducted its own independent evaluation of the transactions contemplated under this Agreement. Seller further acknowledges that it has had an opportunity to conduct its own independent investigation regarding the Asset. Seller has had an opportunity to review the documents and information available through publicly available sources of information.

3.8    <u>No Reliance</u>. Seller has conducted an independent evaluation of the reasonableness of the Purchase Price and has decided to enter into this Agreement and undertake the transactions contemplated hereunder solely in reliance on its own evaluation of the Purchase Price. With the exception of any representations and warranties set forth in Section 4 of this Agreement, Seller is not relying on (i) any information provided to Seller or written or oral representations, whether express or implied, by Purchaser or its respective members, shareholders, officers, directors, employees, agents or affiliates or (ii) any information provided to Seller by Purchaser or its respective shareholders, officers, directors, employees, agents or affiliates in assessing the reasonableness of the Purchase Price. Aside from representations or warranties contained herein, Seller acknowledges that Purchaser expressly disclaims and has not made any warranties, guarantees, promises, or representations of any kind whatsoever regarding the value of the Asset and the anticipated recovery and/or timing of recovery on the Asset.

3.9    <u>Information</u>. Seller acknowledges that because a Settlement Event had not taken place prior to the payment of the Purchase Price, the value of the Asset and the final recovery on the Asset may not be determined with certainty by Seller or Purchaser as of the time of execution of this Agreement. Seller further acknowledges that Purchaser may possess

material information not known to Seller, and Seller agrees that Purchaser shall have no liability with respect to the non-disclosure of any such information.

3.10    Expectation of Return.  Seller acknowledges that Purchaser's sole intention and expectation in entering into this Agreement is to earn a positive financial return on the Asset.  As such, Seller understands that Purchaser's recovery on the Asset may exceed the Purchase Price.

3.11    Own Advisors.  Seller acknowledges that it has had an opportunity to consult with an attorney and/or other relevant professional advisors prior to the execution of this Agreement. Seller acknowledges that Purchaser has advised it that it should seek such counsel.

3.12    No Fiduciary or Confidential Relationship.  Seller acknowledges that Seller and Purchaser are not in a fiduciary, confidential, agency or otherwise special relationship, including one of trust, confidence or privity, and that Seller and Purchaser are each acting for their own self-interest.

## SECTION 4 – REPRESENTATIONS AND WARRANTIES OF PURCHASER

Purchaser represents and warrants to Seller as follows:

4.1    Organization.  Purchaser is a limited liability company, validly existing and in good standing under the laws of the State of Delaware.

4.2    Authorization.  Purchaser has the requisite power and authority to purchase the Asset from Seller, execute and deliver this Agreement, and to perform the transactions contemplated hereby or thereby.

4.3    Due Execution; Validly Binding.  This Agreement has been duly authorized, executed and delivered and constitutes a legal, valid and binding obligation of the Purchaser, enforceable against it in accordance with its terms, except as may be limited by bankruptcy, insolvency, reorganization, moratorium or other similar laws affecting the enforcement of creditors' rights in general and subject to general principles of equity.

4.4    No Litigation.  There is no suit, action, litigation or other proceeding or governmental or administrative investigation or inquiry, pending or threatened, against Purchaser that could prevent or prohibit Purchaser from purchasing the Asset or from otherwise complying in full with the provisions of this Agreement.  Transfer of the Asset pursuant to this Agreement will not breach, violate or otherwise contravene any applicable law, statute, regulation or contractual term.

4.5    Purchaser Solvent.  That Purchaser is solvent and has the funds available to pay the Purchase Price as provided in section 2.2 herein.

4.6    Disclaimers; No Representations or Warranties.  Purchaser expressly disclaims and does not make any warranties, guarantees, promises, or representations of any kind whatsoever

regarding the Asset, including, but not limited to: (i) the value of the Asset; and (ii) the anticipated recovery or timing of recovery on the Asset. Purchaser has advised Seller that it should consult with an attorney and/or other relevant professional advisors prior to the execution of this Agreement.

4.7     Independent Investigation. Purchaser acknowledges that it has conducted its own independent evaluation of the transactions contemplated under this Agreement. Purchaser further acknowledges that it has had an opportunity to conduct its own independent investigation regarding the Litigation, the possibility of a Settlement Event taking place, and the Asset. Purchaser has had an opportunity to review the documents and information available through publicly available sources of information.

4.8     No Reliance. Purchaser has decided to enter into this Agreement and undertake the transactions contemplated hereunder solely in reliance on its own evaluation, based on such information as it has deemed appropriate under the circumstances. With the exception of any representations and warranties set forth in Section 3 of this Agreement, Purchaser is not relying on (i) any information provided to Purchaser or written or oral representations, whether express or implied, by Seller or its agents or affiliates, or (ii) any information provided to Purchaser by Seller or its agents or affiliates. Aside from representations or warranties contained herein, Purchaser acknowledges that Seller expressly disclaims and has not made any warranties, guarantees, promises, or representations of any kind whatsoever regarding the Asset, including, but not limited to: (i) the value of the Asset, and (ii) the anticipated recovery and/or timing of recovery on the Asset.

4.9     Information. Purchaser acknowledges that, because a Settlement Event had not taken place prior to the payment of the Purchase Price, the value of the Asset and the final recovery on the Asset may not be determined with certainty by Seller or Purchaser as of the time of execution of this Agreement. Purchaser further acknowledges that Seller may possess material information not known to it. Aside from representations or warranties contained herein, Purchaser agrees that Seller shall have no liability with respect to the non-disclosure of any such information.

4.10     Expectation of Return. Purchaser understands that Purchaser's recovery on the Asset may not exceed the Purchase Price.

4.11     Own Advisors. Purchaser acknowledges that it has had an opportunity to consult with an attorney and/or other relevant professional advisors prior to the execution of this Agreement. Purchaser acknowledges that Seller has advised it that it should seek such counsel.

4.12     No Fiduciary or Confidential Relationship. Purchaser acknowledges that Seller and Purchaser are not in a fiduciary, confidential, agency or otherwise special relationship, including one of trust, confidence or privity, and that Seller and Purchaser are each acting for their own self-interest.

6

## SECTION 5 - COVENANTS OF SELLER

Seller covenants to Purchaser as follows:

5.1    Further Assurances.  Seller will reasonably provide, duly execute or deliver, or cause to be provided, duly executed or delivered, to Purchaser such further information and instruments reasonably available to it or under its possession, custody or control and do and cause to be done such further acts as may be reasonably necessary or proper to respond to any audit or inquiry by the CA, Lead Counsel or the District Court regarding the Asset.

5.2    Waiver of Claims.  Aside from representations and warranties contained herein and to the maximum extent permitted by law, Seller will not assert and hereby waives any and all claims against Purchaser or any of its members, officers, directors, employees, agents or affiliates with respect to this Agreement, any Ancillary Agreement or the transactions contemplated hereby or thereby based on any claim that Purchaser had superior or additional information material to a decision to sell or buy the Asset.

5.3    Covenant Not To Sue.  Aside from representations and warranties contained herein, Seller will not commence or maintain any suit thereon against Purchaser or any of its shareholders, officers, directors, employees, agents or affiliates with respect to this Agreement, or the transactions contemplated hereby, whether at law or in equity, based on any claim that Purchaser had superior or additional information material to a decision to sell or buy the Asset.

5.4    Payment Delivery.  If a CA mistakenly sends total or partial payment directly to Seller, Seller will immediately endorse such payment to Purchaser and deliver the payment to Purchaser by personal delivery or by first-class mail, certified, return receipt requested, postage prepaid and addressed to:

> Cascade Settlement Services
> 100 Shoreline Highway, Suite B-125
> Mill Valley, CA  94941

## SECTION 6 – COVENANTS OF PURCHASER

6.1    Waiver of Claims.  Purchaser understands and agrees that Seller has provided all relevant information in its possession, custody and control to support valuation of the Asset and that certain information may or is no longer be available due to the passage of time and data retention policies of Seller or its credit card payment processing vendor.  Aside from representations and warranties contained herein and to the maximum extent permitted by law, Purchaser will not assert and hereby waives any and all claims against Purchaser or any of its members, officers, directors, employees, agents or affiliates with respect to this Agreement, any Ancillary Agreement or the transactions contemplated hereby or thereby based on any claim that Seller's information in support of the valuation of the Asset was incomplete or insufficient.

6.2    Covenant Not To Sue.  Aside from representations and warranties contained herein, Purchaser will not commence or maintain any suit thereon against Seller or any of its shareholders, officers, directors, employees, agents or affiliates with respect to this Agreement, or the transactions contemplated hereby, whether at law or in equity, based on any claim that Seller's information in support of the valuation of the Asset was incomplete or insufficient.

## SECTION 7 - GENERAL

7.1    Severability.  In the event that any provision herein becomes or is declared by a court of competent jurisdiction to be illegal, unenforceable or void, this Agreement shall continue in full force and effect without said provision.

7.2    Costs.  The Parties shall each pay their own costs and expenses (including attorney's fees and accountants' fees) incurred or to be incurred in negotiating, preparing and executing this Agreement.

7.3    Entire Agreement.  This Agreement represents the entire agreement and understanding between the Parties regarding the sale and purchase of the Asset and supersedes any and all prior representations, warranties agreements and understandings, whether written or oral, concerning the sale and/or purchase of the Asset.

7.4    No Oral Modification.  This Agreement may only be amended in writing signed by both Parties.

7.5    Governing Law.  This Agreement shall be governed by and construed in accordance with the laws of the State of California, without regard to its conflict of law rules, principles or provisions of such state or of any other state.

7.6    Headings.  Section headings are for convenient reference only and will not affect the meaning or have any bearing on the interpretation of any provision of this Agreement.

7.7    Counterparts/Electronic Media.  This Agreement may be executed in counterparts, and each counterpart shall have the same force and effect as an original and shall constitute

8

EXECUTION COPY

an effective, binding agreement. If so signed, the Agreement becomes effective when both signature pages are attached. Either party may scan, fax, email, image, or otherwise convert this Agreement into an electronic format of any type or form, now known or developed in the future. Any unaltered or unadulterated copy of this Agreement as executed by the parties and produced from such an electronic format will be legally binding upon the parties and equivalent to the original for all purposes.

7.8     Voluntary Execution of Agreement.  This Agreement is executed voluntarily and without any duress or undue influence on the part or on behalf of the Parties hereto.

7.9     References.  Seller agrees that Purchaser may disclose Seller's identity and the Purchase Price only to prospective sellers in an effort to promote Purchaser's business.  No other disclosures for any other reason are permitted without further written permission from Seller.

7.10    Notices.  All notices, requests, demands or any other communication made under, pursuant to, or in accordance with this Agreement, except for normal day-to-day business communications, which may be made orally or in a writing, shall be in writing and shall either be delivered personally or deposited in the United States mail and sent by first-class mail, certified, return receipt requested, postage prepaid and properly addressed as follows:

| If to Purchaser: | If to Seller: |
|---|---|
| Cascade Settlement Services LLC<br>100 Shoreline Highway, Suite B-125<br>Mill Valley, CA  94941 | ADT LLC<br>1501 Yamato Road<br>Boca Raton, FL 33431-4438<br>Attn:  Daniel J. McGrath |

or to such other address(es) as a Party hereto may indicate to the other Party in the manner provided for herein.  Notices given by mail shall be deemed effective and complete forty-eight (48) hours following the time of posting and mailing, and notices delivered personally shall be deemed effective and complete at the time of delivery and the obtaining of a signed receipt.

**Signature Page Follows.**

IN WITNESS WHEREOF, the Agreement has been executed by the Parties as of the date and year provided above.


CASCADE SETTLEMENT SERVICES LLC    ADT LLC

By: Neil Kornswiet                         By: N. David Bleisch

By: _____              By: _____
Name: Neil Kornswiet                       Name: N. David Bleisch
Title:   Chief Executive Officer           Title:   Vice President and General Counsel


*[Signature Page]*



## AUTHORIZATION TO OBTAIN TRANSACTIONAL DATA

This Authorization to Obtain Transactional Data ("Authorization") is made on February 3, 2013 between ADT LLC ("Client"), a Delaware limited liability company, and Cascade Settlement Services, LLC ("Cascade"), a Delaware limited liability company.

Client has assigned to Cascade all rights to any settlement arising from In re: Payment Card Interchange Fee and Merchant-Discount Antitrust Litigation (Case Number 1:05-md-01720-JG-JO).

As used in this Authorization, (a) the term "Transactional Data" means data from or related to credit card or debit card transactions in which Client received payment for goods sold or services provided, and (b) the term "Processors" means Clients' acquiring banks, credit card processors, any other entity involved in processing or recording credit card or debit card transactions, and any third party holding or possessing any or all of Client's Transactional Data.

Client hereby directs and authorizes all Processors to release and provide to Cascade any and all Transactional Data. Client hereby authorizes Cascade to request, demand, obtain and receive from any source all of Client's Transactional Data, including, but not limited to, the merchant identification information listed on and attached hereto as Schedule A, Schedule B and Schedule C.

The undersigned has executed this Authorization as of the date set forth above.

Client: ADT LLC

By: _____
Name: N. David Bleisch
Title:   Vice President and General Counsel

Cascade acknowledges receipt of this Authorization.

Cascade Settlement Services, LLC

By: _____
Name: Neil Kornswiet
Title: Chief Executive Officer

To:     Claims Administrator for Any Recovery Arising from **IN RE: PAYMENT CARD INTERCHANGE FEE AND MERCHANT-DISCOUNT ANTITRUST LITIGATION** (Case Number 1:05-md-01720-JG-JO)

This Notice of Assignment transfers and assigns to **CASCADE SETTLEMENT SERVICES LLC** ("Purchaser") all of **ADT LLC's** ("Company") right, title and interest in and to or associated with, or connected in any manner to, any recovery arising from the class action litigation of In Re: Payment Card Interchange Fee and Merchant-Discount Antitrust Litigation (Case No 1:05-md-01720-JG-JO) (the "Recovery").

The rights assigned to Purchaser include, but are not limited to, the Company's right to file a claim in connection with a settlement, receive any recovery, and to challenge any and all estimates for payment of that claim. The Company has provided Purchaser with merchant identification information listed on and attached hereto as Schedule A, Schedule B and Schedule C.

Purchaser is now the legal and equitable owner of all rights associated with any Recovery. You should deal directly with Purchaser or its duly appointed agents, on all matters pertaining to the Company's rights to any Recovery. Further, in accordance with the Assignment, any and all payments relating to any Recovery should be made payable to Purchaser and sent to the following address:

> Cascade Settlement Services
> 100 Shoreline Highway, Suite B-125
> Mill Valley, CA 94941
> Attn: John Chilcott

Moreover, any and all correspondence, documents or any other communications pertaining to the Recovery be directed to Purchaser at the above address.

Company Name:      ADT LLC
Company Address:   1501 Yamato Road
                   Boca Raton, FL 33431-4438


Date:   February 3, 2013

By:     _____
Name: N. David Bleisch
Title:   Vice President and General Counsel

# EXHIBIT D

1    GLYNN, FINLEY, MORTL,
    HANLON & FRIEDENBERG, LLP
2    ADAM FRIEDENBERG, Bar No. 205778
    DAWSON P. HONEY, Bar No. 327217
3    One Walnut Creek Center
    100 Pringle Avenue, Suite 500
4    Walnut Creek, CA 94596
    Telephone: (925) 210-2800
5    Facsimile: (925) 945-1975
    afriedenberg@glynnfinley.com
6    dhoney@glynnfinley.com

7    Attorneys for Defendant
    ADT LLC

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11   CASCADE SETTLEMENT SERVICES          )   Case No.:
     LLC, a Delaware limited liability company,  )
12   and CARMEL VI CLAIM, LLC, a Colorado )   [Removed from Marin County Superior
     limited liability company,           )   Court, Case No. CV0004999]
13                                         )
                  Plaintiffs,              )   **DECLARATION OF DANIEL J.**
14                                         )   **MCGRATH IN SUPPORT OF**
            vs.                            )   **DEFENDANT ADT LLC'S NOTICE OF**
15                                         )   **REMOVAL**
     ADT LLC, a Delaware limited liability )
16   company, and DOES 1-50, inclusive,   )   Date Filed:    January 7, 2025
                                           )   Trial Date:    TBD
17                Defendants.              )
                                           )
18                                         )
                                           )
19   _____)

20

21

22

23

24

25

26

27

28

1       I, Daniel J. McGrath, declare as follows:

2       1.      I am a duly elected officer of ADT LLC and The ADT Security Corporation, the

3   sole member of Defendant ADT LLC.

4       2.      At ADT LLC and The ADT Security Corporation, I hold the elected officer

5   positions of Vice President and Assistant Secretary.   My job title with ADT LLC is Vice

6   President and Deputy General Counsel, Litigation.

7       3.      This declaration is based on my personal knowledge concerning the claims,

8   contracts, and agreements in dispute in this case, and is further based my review of records

9   maintained by ADT LLC in the ordinary course of its business.  I also have personal knowledge

10   concerning the value of the interchange fees, anticipated recovery percentage, and consequent

11   claim value for ADT LLC and Protection One Alarm Monitoring, Inc.'s ("Protection One")

12   settlements pursuant to the litigation at issue in this case (*In re Payment Card Interchange Fee*

13   *and Merchant-Discount Antitrust Litigation* (Case No. 1:05-MD-01720) in the United States

14   District Court for the Eastern District of New York (the "Visa Interchange Fee Litigation"))

15   because ADT LLC is a class member with an anticipated recovery from the class settlement.  In

16   my roles with ADT LLC, I have had responsibility for overseeing and managing the company's

17   claim submission and recovery efforts.

18       4.      The class settlement of the Visa Interchange Fee Litigation provides for

19   merchants that paid Visa interchange fees to recover from the settlement fund in proportion to

20   the interchange fees the merchant incurred.  The exact recovery percentage will depend on the

21   total claims submitted by merchants to the settlement fund.  My current understanding is that

22   merchants are likely to recover approximately 3.5 percent of the relevant interchange fees paid

23   during the class period (2004 through 2019).

24       5.      In the instant suit, Plaintiff Cascade Settlement Services LLC claims that it is

25   entitled to any monetary recovery from the settlement fund that ADT LLC may be entitled based

26   on interchange fees incurred by Protection One, a company that merged into ADT LLC in or

27   around 2017.  Compl. ¶¶ 47-49.  I have researched ADT LLC's electronic records to determine

28   the total interchange fees incurred by Protection One during the class period.  The interchange

DECLARATION OF DANIEL J. MCGRATH ISO DEFENDANT ADT'S NOTICE OF REMOVAL

1    fees total $31-35 million.  Assuming the recovery percentage is approximately 3.5 percent, as

2    currently expected, ADT LLC would be entitled to recover approximately $1.09-1.23 million

3    from the settlement fund as a result of its merger with Protection One.  As Protection One's

4    recovery is part of what Cascade's Complaint alleges is at stake in this litigation, the amount in

5    controversy exceeds $75,000.

6          I declare under penalty of perjury that the foregoing is true and correct.  Executed on this

7    10th day of February 2025, at Boca Raton Florida.

8

9                                                    _____

10                                                   Daniel J. McGrath

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF DANIEL J. MCGRATH ISO DEFENDANT ADT'S NOTICE OF REMOVAL